**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **DARLENE GIBBS**, *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No.: 3:18-cv-00048-MHL** |
| **HAYNES INVESTMENTS, LLC**, *et al.*, | |
| **Defendants.** | |

**ANSWER OF DEFENDANTS HAYNES INVESTMENTS, LLC;
SOVEREIGN BUSINESS SOLUTIONS, LLC; AND L. STEPHEN HAYNES**

Defendants, Haynes Investments, LLC. Sovereign Business Solutions, LLC, and Stephen Haynes (collectively, the "Haynes Defendants"), by counsel, submit this Answer to Plaintiffs' Complaint.  Defendants deny any allegation that is not specifically admitted herein.

## I.    INTRODUCTION

1.      Denied.  The allegations in Paragraph 1 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Any characterization of state and federal law regarding consumer finance is expressly denied.

2.       Denied.

3.      Denied.  Haynes lacks sufficient information, knowledge, and belief regarding the participation of Zemnick, Schneider, and Welch in the investment decisions of Victory Park, or their titles on Victory Park's website, therefore these allegations are denied.  The remaining factual allegations of Paragraph 3 are denied or are conclusions of law to which no response is required and are thus denied.

4.      The allegations contained in Paragraph 4 constitute conclusions of law to which no response is required. To the extent that a response is necessary, the allegations of Paragraph 4 are denied.

5.      The allegations contained in Paragraph 5 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 5 are denied.

## JURISDICTION

6.      The allegations contained in Paragraph 6 constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations of Paragraph 6 are denied.

7.      The allegations contained in Paragraph 7 constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations of Paragraph 7 are denied.

## PARTIES

8.      After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 8 as the paragraph concerns a party other than the Haynes Defendants.   Accordingly, the allegations of Paragraph 8 are denied.

9.      After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 9 as the paragraph concerns a party other than the Haynes Defendants.   Accordingly, the allegations of Paragraph 9 are denied.

10.     After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 10 as the paragraph concerns a party other than the Haynes Defendants.   Accordingly, the allegations of Paragraph 10 are denied.

11.     After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 11 as the paragraph concerns a party other than the Haynes Defendants.   Accordingly, the allegations of Paragraph 11 are denied.

12.     After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 12 as the paragraph concerns a party other than the Haynes Defendants.   Accordingly, the allegations of Paragraph 12 are denied.

13.     Admitted in part; denied in part.  It is admitted that Haynes Investments LLC is a limited liability company with a principal place of business in Dallas, Texas.  It is denied that Haynes Investments is a private equity company that focused on investments related to Native American tribes.   The content of the website is admitted inasmuch as the cited webpage speaks for itself and denied insofar as any characterization of its contents. It is denied that Haynes Investment provided the initial capital to fund Plain Green's operations. It is denied that Haynes Investments has invested funds in the "rent-a-tribe" enterprise.  It is denied that Haynes Investments conducted and participated in any enterprise's affairs.

14.     Admitted in part; denied in part.  Admitted only inasmuch as the website speaks for itself.  The remaining allegations of Paragraph 14 are denied.

15.      Admitted in part; denied in part.  It is admitted that SBS is a limited liability company with a principal place of business in Dallas, Texas.  The remaining allegations of Paragraph 15 are denied.

16.      The allegations of Paragraph 16 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 16, and as such, they are denied.

17.      The allegations of Paragraph 17 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 17, and as such, they are denied.

18.      The allegations of Paragraph 18 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 18, and as such, they are denied.

19.      The allegations of Paragraph 19 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 19, and as such, they are denied.

20.      The allegations of Paragraph 20 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 20, and as such, they are denied.

## FACTUAL BACKGROUND

21.      Denied.  After reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 21, and as such, they are denied.

22.     Denied.   After reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 22, and as such, they are denied.

23.     Denied.   After reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 23—including those which concern a party other than the Haynes Defendants— and as such, they are denied.

24.     Denied.   After reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 24, and as such, they are denied.

25.     Denied.   After reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 25, and as such, they are denied.

26.     Denied.   After reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 26, and as such, they are denied.

27.     Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 27 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, the allegations of Paragraph 27 are denied.

28.     Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 28 as the

paragraph concerns a party other than the Haynes Defendants.  Accordingly, the allegations of Paragraph 28 are denied.

29.     Denied.  After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 29 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, the allegations of Paragraph 29 are denied.

30.     Denied.  After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 30 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, the allegations of Paragraph 30 are denied.

31.     Denied.  After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 31 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, the allegations of Paragraph 31 are denied.

32.     Denied.  After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 32 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, the allegations of Paragraph 32 are denied.

33.     Admitted in part; denied in part. Admitted inasmuch as plaintiffs' exhibit referenced in Paragraph 33 speaks for itself.  Any characterization of the document cited in Paragraph 33, including but not limited to, the statement that the exhibit sets forth an agreement by the Haynes Defendants is denied.  The remaining allegations of Paragraph 33 are denied.

34.     Admitted in part; denied in part. Admitted inasmuch as plaintiffs' exhibit referenced in Paragraph 34 speaks for itself.  Any characterization of the document cited in Paragraph 34, including but not limited to, the statement that the exhibit sets forth an agreement by the Haynes Defendants is denied.  The remaining allegations of Paragraph 33 are denied.

35.     Admitted in part; denied in part. Admitted inasmuch as plaintiffs' exhibit referenced in Paragraph 35 speaks for itself.  Any characterization of the document cited in Paragraph 35 , including but not limited to, the statement that the exhibit sets forth an agreement by the Haynes Defendants is denied.  The remaining allegations of Paragraph 33 are denied. The Haynes Defendants specifically note that Paragraph 35 contains incomplete references to the document it cites.

36.     Denied as stated.

37.     Denied as stated.

38.     Denied.

39.     Denied as stated.

40.     Denied.

41.     Admitted in part; denied in part.  Admitted that Haynes Investments did not provide capital to Great Plains.  After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 41 as the paragraph concerns a party other than the Haynes Defendants. Accordingly, the remaining allegations of Paragraph 41 are denied.

42.     Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 42 as the

paragraph concerns a party other than the Haynes Defendants. Accordingly, the allegations of Paragraph 42 are denied.

43. Denied. After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 43 as the paragraph concerns a party other than the Haynes Defendants. Accordingly, the allegations of Paragraph 43 are denied.

44. Denied. After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 44 as the paragraph concerns a party other than the Haynes Defendants. Accordingly, the allegations of Paragraph 44 are denied.

45. Denied. After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 45 as the paragraph concerns a party other than the Haynes Defendants. Accordingly, the allegations of Paragraph 45 are denied.

46. Denied. After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 46 as the paragraph concerns a party other than the Haynes Defendants. Accordingly, the allegations of Paragraph 46 are denied.

47. Denied. After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 47 as the paragraph concerns a party other than the Haynes Defendants. Accordingly, the allegations of Paragraph 47 are denied.

48.     Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 48 as the paragraph concerns a party other than the Haynes Defendants.   Accordingly, the allegations of Paragraph 48 are denied.

49.     Denied.

50.     Admitted in part; denied in part.   Admitted only insofar as the exhibit cited in Paragraph 50 speaks for itself.   Denied as to any characterization of that document.

51.     Denied as stated.

52.     Admitted in part; denied in part.   Admitted only insofar as the exhibit cited in Paragraph 52 speaks for itself.   Denied as to any characterization of that document.

53.     Admitted in part; denied in part.   Admitted only insofar as the exhibit cited in Paragraph 53 speaks for itself.   Denied as to any characterization of that document.   It is further specifically denied that Haynes Investments received profits as described in Paragraph 53.

54.     .   It is admitted that in July 2012, Plain Green, LLC, and Haynes Investments amended their credit agreement to permit Plain Green, LLC the option to draw down on a larger line of credit from Haynes Investments, LLC.   Any characterization of the amendment is denied.

55.     Denied as stated.

56.     Admitted in part; denied in part.   Admitted only insofar as the exhibit cited in Paragraph 56 speaks for itself.   Denied as to any characterization of that document.

57.     Admitted in part; denied in part.   Admitted only insofar as the exhibit cited in Paragraph 57 speaks for itself.   Denied as to any characterization of that document, including

the false representation that Tribal Business Solutions, LLC had committed to making $11.1 million in funding available on a specific timeline or for a specific purpose.

58.     Denied as stated.

59.     Denied as stated.

60.     Admitted in part; denied in part.  Admitted only insofar as the exhibit cited in Paragraph 60 speaks for itself.  Denied as to any characterization of that document.

61.     Admitted in part; denied in part.  Admitted only insofar as the exhibit cited in Paragraph 61 speaks for itself.  Denied as to any characterization of that document.

62.     Admitted in part; denied in part.  Admitted only insofar as the exhibit cited in Paragraph 62 speaks for itself.  Denied as to any characterization of that document.  By way of further denial, the Agreement was signed and entered into by Sovereign Business Solutions, LLC, who had L. Stephen Haynes sign on behalf of the business in his capacity as member of Sovereign Business Solutions, LLC.

63.     Denied as stated.

64.     Denied as stated.

65.     Denied as stated.  By way of further answer, this paragraph contains conclusions of law to which no response is required.  To the extent a response is required, they are denied.

66.     Denied as stated.

67.     Admitted in part and denied in part. It is admitted that the article cited speaks for itself.  Any characterization of that article or reasoning by analogy to any conduct of Defendants is specifically denied.  After reasonable investigation, the Haynes Defendants are

without sufficient knowledge or information to admit or deny the substance of the allegations contained within Paragraph 67. Accordingly, they are denied.

68.     Admitted in part and denied in part. It is admitted that the article cited speaks for itself.  Any characterization of that article or reasoning by analogy to any conduct of the Defendants is specifically denied.  After reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the substance of the remaining allegations contained within Paragraph 68. Accordingly, they are denied.

69.     Admitted in part and denied in part. It is admitted that the article cited speaks for itself.  Any characterization of that article or reasoning by analogy to any conduct of the Defendants is specifically denied.  After reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the substance of the allegations contained within Paragraph 69. Accordingly, they are denied.

70.     After reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the substance of the allegations contained within Paragraph 70. Accordingly, they are denied.

71.     Admitted in part and denied in part. Admitted that the speech cited speaks for itself and does not represent any factual finding or conclusion as to the accuracy of the allegations contained therein.  Any characterization of that speech or reasoning by analogy to any conduct of Defendants is specifically denied.  After reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the substance of the remaining allegations contained within Paragraph 71. Accordingly, they are denied.

72.     Denied as stated.

73.     Denied as stated.

74.    Denied as stated.

75.    Denied.  The referenced exhibit does not match the characterization of that exhibit by Plaintiffs within Paragraph 75, including the reference to November, 2013, and as such the allegation is denied.

76.    Denied.  In paragraph 76, Plaintiff has quoted from a document or e-mail that is not attached to the Complaint as an exhibit, and as such the Haynes Defendants are without sufficient knowledge to admit or deny the substance of paragraph 76.  As such the allegations are specifically denied.

77.    Denied.  In paragraph 77, Plaintiff has quoted from a document or e-mail that is not attached to the Complaint as an exhibit, and as such the Haynes Defendants are without sufficient knowledge to admit or deny the substance of paragraph 77.  As such the allegations are specifically denied.

78.    Denied.  In paragraph 78, Plaintiff has quoted from a document or e-mail that is not attached to the Complaint as an exhibit, and as such the Haynes Defendants are without sufficient knowledge to admit or deny the substance of paragraph 78.  As such the allegations are specifically denied.

79.    Denied as stated.

80.    The allegations of Paragraph 80 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 80, and as such, they are denied

81.    Admitted in part; denied in part. The allegations of Paragraph 81 are admitted insomuch as any filing by Victory Park speaks for itself and does not represent any finding by the court or conclusion as to the accuracy of the allegations contained therein.   Any

characterization by plaintiffs of the complaint cited in Paragraph 81 is denied.  As for the other allegations contained in Paragraph 81, after a reasonable investigation, the Haynes Defendants are without sufficient knowledge to respond to the substance of the allegations contained in this paragraph, as it involves conduct by parties other than the Haynes Defendants, and as such they are denied.

82.     The allegations of Paragraph 82 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 82, and as such, they are denied.

83.     The allegations of Paragraph 83 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 83, and as such, they are denied

84.     The allegations of Paragraph 84 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 84, and as such, they are denied.

85.     The allegations of Paragraph 85 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 85, and as such, they are denied.

86.     The allegations of Paragraph 86 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 86, and as such, they are denied.

87.     The allegations of Paragraph 87 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 87, and as such, they are denied

88.     The allegations of Paragraph 88 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 88, and as such, they are denied.

89.     The allegations of Paragraph 89 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 89, and as such, they are denied

90.     The allegations of Paragraph 90 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 90, and as such, they are denied.

91.     The allegations of Paragraph 91 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 91, and as such, they are denied.

92.     The allegations of Paragraph 92 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 92, and as such, they are denied.

93.     The allegations of Paragraph 93 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 93, and as such, they are denied.

94.     The allegations of Paragraph 94 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 94, and as such, they are denied.

95.     The allegations of Paragraph 95 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 95, and as such, they are denied.

96.     The allegations of Paragraph 96 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 96, and as such, they are denied.

97.     The allegations of Paragraph 97 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 97, and as such, they are denied.

98.     The allegations of Paragraph 98 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 98, and as such, they are denied.

99.     The allegations of Paragraph 99 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 99, and as such, they are denied.

100.    The allegations of Paragraph 100 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 100, and as such, they are denied.

101.    The allegations of Paragraph 101 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 101, and as such, they are denied.

102.    The allegations of Paragraph 102 are directed to another defendant, and the Haynes Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 102, and as such, they are denied.

103.    Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 103 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

104.    Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 104 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

105.    Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 105 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

106.    Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 106 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

107.    Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 107 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

108.    Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 108 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

109.     Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 109 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

110.     Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 110 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

111.     Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 111 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

112.     Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 112 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

113.     Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 113 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

114.     Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 114 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

115.     Denied.   After a reasonable investigation, the Haynes Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 115 as the paragraph concerns a party other than the Haynes Defendants.  Accordingly, they are denied.

116.     Denied.  The allegations contained in Paragraph 116 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

117.     Denied.  The allegations contained in Paragraph 117 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

118.     Denied. It is denied that the Haynes Defendants marketed, initiated, or collected any loans in Virginia.  It is denied that the Haynes Defendants indirectly participated in such activity through its relationship with other defendants.  The remaining allegations of Paragraph 118 are conclusions of law to which no response is required.  To the extent a response is required, such allegations are denied.

119.     Denied.  After reasonable investigation, the Haynes Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 119. Accordingly, they are denied.

120.     Denied.  After reasonable investigation, the Haynes Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 120. Accordingly, they are denied.

121.     Denied.  After reasonable investigation, the Haynes Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 121. Accordingly, they are denied.

122.     The allegations contained in Paragraph 122 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

123.    Admitted in part and denied in part.  It is admitted that the Haynes Defendants did not have a consumer finance license.  It is denied that the Haynes Defendants made loans to Plaintiffs or were required to obtain a consumer finance license.

124.    The allegations contained in Paragraph 124 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

125.    Denied.  After reasonable investigation, the Haynes Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 125. Accordingly, they are denied.

126.    Denied.  After reasonable investigation, the Haynes Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 126. Accordingly, they are denied.

127.    Denied.  After reasonable investigation, the Haynes Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 127. Accordingly, they are denied.

128.    Denied.  After reasonable investigation, the Haynes Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 128. Accordingly, they are denied.

129.    Denied.  After reasonable investigation, the Haynes Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 129. Accordingly, they are denied.

130.    Denied.

131.    Denied.

132.    The allegations contained in Paragraph 132 are conclusions of law to which no response is required.  To the extent a response is required, they are denied.

133.    Denied.  The allegations contained in Paragraph 133 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

134.    The allegations contained in Paragraph 134 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

135.    Denied.  It is specifically denied that the Haynes Defendants charged any interest to consumers.  The remaining allegations contained in Paragraph 135 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

136.    Denied.

137.    Denied.

138.    Denied.  The allegations contained in Paragraph 138 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## <u>COUNT ONE:</u>

139.    The Haynes Defendants reallege and incorporate by reference all prior paragraphs of this Answer to plaintiffs' Complaint.

140.    The allegations contained in Paragraph 140 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

141.     The allegations contained in Paragraph 141 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

142.     Denied.  The allegations contained in Paragraph 142 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

143.     Denied.  The allegations contained in Paragraph 143 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

144.     Denied.  The allegations contained in Paragraph 144 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

145.     Denied.  The allegations contained in Paragraph 145 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

146.     Denied.  The allegations contained in Paragraph 146 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

147.     Denied.  The allegations contained in Paragraph 147 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

148.     Denied.  The allegations contained in Paragraph 148 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

149.     Denied.  The allegations contained in Paragraph 149 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

150.     Denied.  The allegations contained in Paragraph 150 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

151.     Denied.  The allegations contained in Paragraph 151 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

152.     Denied.  The allegations contained in Paragraph 152 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## **COUNT TWO:**

153.     The Haynes Defendants reallege and incorporate by reference all prior paragraphs of this Answer to plaintiffs' Complaint.

154.     The allegations contained in Paragraph 154 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

155.    The allegations contained in Paragraph 155 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

156.    Denied.  The allegations contained in Paragraph 156 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

157.    Denied.  The allegations contained in Paragraph 157 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

158.    Denied.  The allegations contained in Paragraph 158 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

159.    Denied.  The allegations contained in Paragraph 159 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

160.    Denied.  The allegations contained in Paragraph 160 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

161.    Denied.  The allegations contained in Paragraph 161 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

162.    Denied.  The allegations contained in Paragraph 162 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

163.    Denied.  The allegations contained in Paragraph 163 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

164.    Denied.  The allegations contained in Paragraph 164 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## COUNT THREE:

165.    The Haynes Defendants reallege and incorporate by reference all prior paragraphs of this Answer to plaintiffs' Complaint.

166.    The allegations contained in Paragraph 166 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

167.    The allegations contained in Paragraph 167 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

168.    Denied.  The allegations contained in Paragraph 168 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

169.     Denied.  The allegations contained in Paragraph 169 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

170.     Denied.  The allegations contained in Paragraph 170 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

171.     Denied.  The allegations contained in Paragraph 171 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

172.     Denied.  The allegations contained in Paragraph 172 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

173.     Denied.  The allegations contained in Paragraph 173 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

174.     Denied.  The allegations contained in Paragraph 174 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

175.     Denied.  The allegations contained in Paragraph 175 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

176.    Denied.  The allegations contained in Paragraph 176 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

177.    Denied.  The allegations contained in Paragraph 177 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## **COUNT FOUR:**

178.    The Haynes Defendants reallege and incorporate by reference all prior paragraphs of this Answer to plaintiffs' Complaint.

179.    The allegations contained in Paragraph 179 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

180.    The allegations contained in Paragraph 180 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

181.    Denied.  The allegations contained in Paragraph 181 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

182.    Denied.  The allegations contained in Paragraph 182 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

183.     Denied.  The allegations contained in Paragraph 183 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

184.     Denied.  The allegations contained in Paragraph 184 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

185.     Denied.  The allegations contained in Paragraph 185 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

186.     Denied.  The allegations contained in Paragraph 186 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

187.     Denied.  The allegations contained in Paragraph 187 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  Further, the allegations of Paragraph 187concern parties other than the Haynes Defendants. Accordingly, they are denied.

188.     Denied.  The allegations contained in Paragraph 188 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## **COUNT FIVE:**

189.     The Haynes Defendants reallege and incorporate by reference all prior paragraphs of this Answer to plaintiffs' Complaint.

190.    The allegations contained in Paragraph 190 are conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

191.    Denied.  The allegations contained in Paragraph 191 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

192.    Denied.  The allegations contained in Paragraph 192 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

193.    Denied.  The allegations contained in Paragraph 193 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

194.    Denied.  The allegations contained in Paragraph 194 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

195.    Denied.  The allegations contained in Paragraph 195 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

196.    Denied.  After reasonable investigation, the Haynes Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 196. Accordingly, they are denied.  Additionally, the allegations contained in Paragraph 196 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

197.    Denied.

198.    Denied.  The allegations contained in Paragraph 198 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## COUNT SIX:

199.    The Haynes Defendants reallege and incorporate by reference all prior paragraphs of this Answer to plaintiffs' Complaint.

200.    Denied.  The allegations contained in Paragraph 200 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

201.    Denied.  The allegations contained in Paragraph 201 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

202.    Denied.  The allegations contained in Paragraph 202 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

203.    Denied.  The allegations contained in Paragraph 203 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

204.    Denied.  The allegations contained in Paragraph 204 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

205.    Denied.  The allegations contained in Paragraph 205 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

206.    Denied.  The allegations contained in Paragraph 206 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

207.    Denied.  It is specifically denied that Plaintiffs conferred a benefit on the Haynes Defendants and the that the Haynes Defendants accepted a benefit from Plaintiffs.  The remaining allegations contained in Paragraph 207 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

208.    Denied.  The allegations contained in Paragraph 208 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Counts One through Six of plaintiffs' Complaint fail to state a claim on which relief can be granted as to the Haynes Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' causes of action fail to join an indispensable party.

30

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' causes of action based on lending by Native American tribal entities are barred by the operation of Tribal Immunity.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged injuries or damages alleged in the Complaint, if any, were wholly or in part caused by conduct, acts, omissions, and/or fault of third parties other than the Haynes Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to meet the requirements for declaratory and injunctive relief.

### SIXTH AFFIRMATIVE DEFENSE

The Haynes Defendants, at all times relevant, acted in good faith and in a lawful manner, in conformity with all applicable laws and regulations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their remedies by failing to resolve their dispute through arbitration, as required by their contract with their lender.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs, as private individuals, may not obtain injunctive relief under the claims alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

This action may not properly proceed as a class action under Federal Rule of Procedure 23 to the extent that, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is

not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members cannot recover as a class action to the extent that such class recovery would deprive the Haynes Defendants of their due process rights to assert individualized defenses to claims of class members.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover from the Haynes Defendants individually or as a class action for punitive or statutory damages to the extent any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claims.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the applicable statute of limitations and/or statue of repose.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting claims against the Haynes Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the Haynes Defendants.

Consistent with Federal Rule of Civil Procedure 15, the Haynes Defendants reserve the

right to amend this answer in order to assert any additional affirmative defenses that may be

uncovered or made known during the pendency of this litigation.

By: /s/ Timothy J. St. George
David N. Anthony
Virginia State Bar No. 31696
Timothy St. George
Virginia State Bar No. 77349
TROUTMAN SANDERS LLP
1001 Haxall Point Richmond, Virginia
23219 Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com
Email: tim.stgeorge@troutmansanders.com

Richard L. Scheff (PA ID No. 35213) (PHV)
Jonathan P. Boughrum (PA ID No. 91019) (PHV)
David F. Herman (PA ID No. 318518)(PHV)
Email:  rscheff@mmwr.com
ARMSTRONG TEASDALE LLP
2005 Market Street, 29th Floor
One Commerce Square
Philadelphia, PA 19103
*Counsel for Defendants*
*Haynes Investments, LLC, Sovereign Business*
*Solutions, LLC, and L. Stephen Haynes*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Kristi C. Kelly
Andrew J. Guzzo
Casey S. Nash
KELLY & GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA  22030
Telephone: 703-424-7570
Facsimile: 703-591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com
*Counsel for Plaintiffs*

Leonard A. Bennett
Craig C. Marchiando
Elizabeth W. Hanes
CONSUMER LITIGATION ASSOCIATES
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA  23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
Email: Elizabeth@clalegal.com
*Counsel for Plaintiffs*

James W. Speer
VIRGINIA POVERTY LAW CENTER
919 E. Main Street, Suite 610
Richmond, VA  23219
Telephone: 804-782-9430
Facsimile: 804-649-0974
Email: jay@vplc.orga
*Counsel for Plaintiffs*

/s/ Timothy J. St. George
Timothy St. George
Virginia State Bar No. 77349
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-5118
Email: tim.stgeorge@troutmansanders.com